## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODERICK LEE,** | : | **CIVIL ACTION NO. 1:21-CV-1909** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN OF SCI-GREENE,** | : | |
| | : | |
| **Respondent** | : | |

### <u>MEMORANDUM</u>

This is a habeas corpus case filed under 28 U.S.C. § 2254 in which petitioner Roderick Lee challenges the legality of his criminal conviction and sentence in the Centre County Court of Common Pleas.  We will dismiss the petition without prejudice for lack of jurisdiction.

**I.**     <u>**Factual Background & Procedural History**</u>

On January 27, 1992, Lee was found guilty of multiple counts of rape, simple assault, involuntary deviate sexual intercourse, and corruption of a minor following a jury trial in the Centre County Court of Common Pleas.  <u>See</u> <u>Commonwealth v. Lee</u>, No. CP-14-CR-0001032-1991 (Centre Cty. Jan. 27, 1992).  The court sentenced him to a term of 23-50 years imprisonment.  (<u>Id.</u>)  Lee appealed to the Pennsylvania Superior Court, which vacated the part of Lee's sentence pertaining to the involuntary deviate sexual intercourse conviction as violative of the Double Jeopardy Clause, but otherwise affirmed the judgment of sentence.  <u>Commonwealth v. Lee</u>, 638 A.2d 1006, 1013 (Pa. Super. Ct. 1994).  Lee filed a petition for allowance of

appeal to the Pennsylvania Supreme Court, which was denied on August 16, 1994. Commonwealth v. Lee, 647 A.2d 898 (1994).

Following the conclusion of his direct appeals, Lee challenged his conviction and sentence through numerous petitions for collateral relief in Pennsylvania state court and federal court. See Commonwealth v. Lee, No. 640 MDA 2015, 2015 WL 7571747, at *1 (Pa. Super. Ct. Nov. 24, 2015). As relevant to the instant case, Lee filed a petition for writ of habeas corpus in this district on December 20, 2002. Lee v. Centre Cty. Dist. Att'y, No. 3:02-CV-2326 (M.D. Pa. 2002). United States District Judge Richard P. Conaboy dismissed the petition as procedurally defaulted on April 7, 2005. Id.

Lee filed the instant petition on November 9, 2021. (Doc. 1.) He acknowledges that he has not received permission from the Third Circuit to bring a second or successive habeas corpus petition, and "prays that the United States Court of Appeals for the Third Circuit grant an order authorizing the district [c]ourt to consider" his petition. (Id. at 4.)

**II.   Legal Standard**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

**III.   Discussion**

Dismissal of this case under Rule 4 is appropriate because Lee did not obtain permission from the Third Circuit to file a second or successive petition

prior to filing this petition.  (<u>See</u> Doc. 1 at 4.)  Under 28 U.S.C. § 2244(b)(3)(A),

petitioners seeking to bring second or successive habeas corpus petitions

under § 2254 must first "move in the appropriate court of appeals for an order

authorizing the district court to consider the application."  A district court does

not have jurisdiction to consider a second or successive habeas corpus petition

if the petitioner has not first obtained permission from the appropriate court of

appeals to file the petition.  <u>Burton v. Stewart</u>, 549 U.S. 147, 153 (2007).  We

accordingly do not have jurisdiction to consider this petition.

**IV.**   <u>**Conclusion**</u>

We will dismiss the petition (Doc. 1) for writ of habeas corpus without

prejudice for lack of jurisdiction.  A certificate of appealability will not issue because

jurists of reason would not debate that the court's procedural ruling is incorrect.

<u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  An appropriate order shall issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     November 17, 2021